**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FLORA MAE FULLER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | NO. 10-4133 |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ON REQUEST FOR REVIEW**

Baylson, J.                                                                                          **June 23, 2011**

Plaintiff Flora Mae Fuller ("Fuller") requests judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to

Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, 1381-1383(c).

(Compl., ECF No. 1.)  Pending before the Court are Fuller's Complaint and her Brief and

Statement of Issues in Support of Request for Review (Pl.'s Br., ECF No. 6)[1] and the

Commissioner's response thereto (Resp., ECF No. 8).  After careful and independent

consideration of the matter, and for the following reasons, the Court will **deny** Fuller's request

for review.

I.      **Factual and Procedural Background**

Fuller filed for DIB and SSI on September 24, 2007.  (A.R. 73-79, 80-82.)  She claimed a

---

[1]      Fuller also filed a duplicate of her Request for Review.  (ECF No. 7.)

disability onset date of September 1, 2007, at which time she was forty-four years old. (Id. 73.) She is now forty-eight years old. Fuller has prior relevant work experience as an institutional cleaner and an attendance officer. (Id. 14.) She completed the twelfth grade. (Id. 24.) Fuller claims disability due to Crohn's disease, hip bursitis, and panic attacks. (Id. 22, 93, 143.)

On November 16, 2007, the Social Security Administration ("SSA") denied Fuller's claims for DIB and SSI benefits. (Id. 55, 59.) Fuller then timely requested a hearing before an administrative law judge ("ALJ"), which was held on September 24, 2008 in Philadelphia, Pennsylvania. (Id. 17-52, 64-67.) At the hearing, Fuller testified that she experiences constant pain in both hips and experiences episodes of diarrhea and depression. (Id. 37, 38, 40.) She stated that she cooks in the microwave, washes dishes, cleans spills, and grooms herself, but that she cannot dust, sweep, vacuum, do laundry, shop, or take out the trash. (Id. 30-31, 33.) She testified that she lives with her son who performs most of the chores she cannot. (Id. 31.) She cannot stand for more than three to five minutes and can walk fifteen feet in five to ten minutes. (Id. 34-35.) Further, she can only sit for thirty minutes and cannot bend or crouch. (Id. 35-36.)

Fuller then testified that her hip pain causes her to lie down for one to one-and-a-half hours, three to four times a day, for a total of six to eight hours during the day. (Id. 36-37.) She also experiences episodes of diarrhea two to three times a week, and will have diarrhea three to four times a day during those episodes. (Id. 38-39.) She also experiences abdominal pain during these episodes which forces her to lie down. (Id. 46-47.) Finally, Fuller testified that she experiences periods of depression because of her hip pain and diminishing independence (id. 40-41), but she stopped seeking help for her depression (id. 42-43).

The vocational expert ("VE") then testified and identified Fuller's past relevant work as

fast food worker, children's institutional attendant, truancy case manager, security guard, and institutional cleaner. (Id. 48-49.) Fast food worker is light, unskilled work; children's institution attendant is medium, semi-skilled work, which Fuller performed at the heavy exertional level; truancy case manager is light, skilled work, which Fuller performed at the heavy exertional level; security guard is light, semi-skilled work, which Fuller performed at the heavy exertional level; and institutional cleaner is heavy, unskilled work. (Id.)

The VE testified that if limited to light work with simple, rotuine tasks, Fuller would only be able to perform her past work as a fast food worker. (Id. 49.) She could also perform several positions available in the national or regional economy, including housekeeping or assembly. (Id. 50.) At the sedentary level, Fuller would be able to perform assembly and product inspection jobs. (Id.) There are no jobs available if the hypothetical were limited to someone who cannot sit, stand, and walk a total of eight hours per day on a sustained basis, or who required frequent, unscheduled breaks including the need to lie down for at least an hour at a time. (Id. 50-51.)

On October 8, 2008, the ALJ issued his decision denying Fuller's claim for benefits. (Id. 8-16.) The ALJ found Fuller had not performed any substantial gainful activity since the alleged onset date. (Id. 15.) He also concluded Fuller suffers from a severe impairment of bursitis aggravated by obesity, but that this impairment does not meet or equal the listed impairments. (Id.) Although the ALJ did not find Fuller's statements concerning her impairments and their effects fully credible, he did find that she is limited to medium work.[2] (Id.) Presuming Fuller could not perform her past relevant work (id. 14), the ALJ concluded that "[b]ased on the

_____

[2]      "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

residual functional capacity . . . and [Fuller]'s age, educational background and work experience, . . . she has been able to engage in occupations with significant numbers of jobs in the regional and national economies at all relevant times" (id. 15). Consequently, she has not been under a disability. (Id. 15.)

In his decision, the ALJ noted he gave "careful consideration to all the evidence," including Fuller's hearing testimony. (Id. 8, 13.) The ALJ found that Fuller appeared to testify truthfully, but that her testimony was than fully credible based on several inconsistencies between her testimony and the medical evidence of record. (Id. 12.) Further, he found Fuller experiences diarrhea as a result of her Crohn's disease, but that treatment records rarely mention complaints of abdominal pain or frequent episodes of diarrhea. (Id. 10.) Moreover, "even two or three episodes of diarrhea per week as [Fuller] alleged at the hearing would not significantly affect the ability to work." (Id.) Thus, the ALJ determined Fuller's Crohn's disease it not a severe impairment. (Id.) He also found that the record "fails to establish a severe mental impairment [based on alleged depressive symptoms] that meets the duration requirement since the alleged onset date." (Id.)

On December 4, 2008, Fuller appealed the ALJ's decision to the Appeals Council. (Id. 4.) The Appeals Council denied Fuller's request for review, rendering the ALJ's decision the Commissioner's final determination. (Id. 1-3.) Fuller then filed a timely complaint in this Court seeking review of the Commissioner's final determination. (Compl.)

## II.  Jurisdiction and Standard of Review

### A.  Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42

U.S.C. § 405(g).  See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . made after a hearing to which [s]he was a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to h[er] of notice of such decision . . . ."); (see also A.R. 1-3).  Venue is proper in this Court pursuant to § 405(g).

B.    **Standard of Review**

District courts may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the matter for rehearing.  42 U.S.C. § 405(g).  This Court's role in reviewing the ALJ's decision is to determine whether there is substantial evidence to support the Commissioner's decision.  Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004); see 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); see also Jones, 364 F.3d at 503 (stating that substantial evidence is less than a preponderance of the evidence but more than a scintilla).  To determine whether substantial evidence exists, the Court reviews the record as a whole.  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  Nevertheless, the Court retains plenary review of all legal issues.  Id. (citing Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995) (per curiam)).

III.    **Discussion**

A.    **Legal Standards**

Social security benefits may be paid to persons "under a disability."  42 U.S.C. § 423(a)(1).  To establish a disability, a claimant "must demonstrate some medically determinable

basis for an impairment that prevents h[er] from engaging in any substantial gainful activity for a statutory twelve-month period." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (quotation marks omitted). "A person is disabled 'only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" Kinney v. Comm'r of Soc. Sec., 244 F. App'x 467, 469 (3d Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(A)).

When assessing whether an individual has a disability under the Act, the ALJ follows the following five-step sequential analysis: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. § 404, subpart P, appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet the previous prong, the Commissioner considers the claimant's residual functional capacity to determine whether she can perform any past relevant work – if she can, the claimant will be found not disabled; and (5) if the claimant cannot perform any of his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and past work experience to determine whether she can perform other work which exists in the national economy. Schaudeck, 181 F.3d at 431-32; 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The claimant bears the burden of proof for steps one, two, and four and the burden shifts to the Commissioner for the fifth step – no party bears the burden for step three. Rivera v.

Comm'r of Soc. Sec., 164 F. App'x 260, 262 (3d Cir. 2006). Furthermore, if at any step the Commissioner finds the claimant is disabled or not disabled, the inquiry is at an end. Kinney, 244 F. App'x at 469 (citing 20 C.F.R. § 404.1520(a)(4)). The ALJ denied Fuller's claim at the fifth step, concluding that Fuller "has been able to engage in occupations with significant numbers of jobs in the regional and national economies at all relevant times." (A.R. 15.)

> In evaluating a claim for benefits, the ALJ must consider all of the evidence in the case. The ALJ must "explicitly" weigh all relevant, probative, and available evidence. Moreover, the ALJ must provide some explanation for a rejection of probative evidence that would suggest a contrary disposition. Although the ALJ may properly accept some parts of the medical evidence and reject other parts, the ALJ must still consider all the evidence and give some reason for discounting the evidence [s]he rejects. In the absence of such an indication, the reviewing court cannot determine whether significant probative evidence was deemed not credible or whether it was simply ignored.

Weber v. Massanari, 156 F. Supp. 2d 475, 483 (E.D. Pa. 2001) (citations omitted). Further, when there is a conflict in the evidence, the ALJ is entitled to decide which evidence to credit, but "cannot reject evidence for no reason or the wrong reason." See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). "[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding. This explanation provides [the Court] with a basis on which to assess whether significant probative evidence was not credited or was simply ignored." Schaudeck, 181 F.3d at 433 (citations, quotation marks, and alteration omitted).

## B.    Parties' Contentions

Fuller asserts two arguments in support of her position that substantial evidence does not support the ALJ's decision. First, she contends her Crohn's disease is a severe impairment based on the frequency of diarrhea episodes related to the disease, the medical evidence in the record,

and the ALJ's mis-characterization of her testimony. Second, she argues the ALJ failed to give appropriate weight to her subjective complaints, which were consistent with and corroborated by objective medical evidence.

In response, the Commissioner argues substantial evidence supports the ALJ's conclusion that Fuller's Crohn's disease is not a severe impairment based on infrequent treatments, good response to medication, and otherwise benign objective medical evidence. In addition, the Commissioner notes that the ALJ's credibility determination is supported by substantial evidence and Fuller has not identified any evidence in the record to support her claimed limitations.

## C.    Analysis

Fuller raises two issues in her opening brief – the severity of her Crohn's disease and the ALJ's credibility determination. The Court will address each claim in turn.[3]

### 1.    Severity of Fuller's Crohn's Disease

At the second step in the sequential process, the claimant must show that her recognized impairment is severe. See Schaudeck, 181 F.3d at 431-32. The Social Security Rulings and Regulations, and the case law applying them, discuss the second step severity determination in terms of what is "not severe." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). An impairment is "not severe" when medical evidence establishes only a slight abnormality or

---

[3]    The Commissioner suggests Fuller raises a third issue – whether the ALJ considered her impairments in combination. Fuller's opening brief first addresses whether her Crohn's disease is a severe impairment, and then contends the ALJ failed to properly analyze her subjective complaints. In the context of her second argument, Fuller contends the record supports a finding she suffers from bursitis. No where in this section does she contend the ALJ did not properly consider her impairments in combination. Therefore, the Court will only consider the two issues identified. See Weilacher v. Astrue, No. 09-1530, 2010 WL 5483366, at *4 & n.2 (W.D. Pa. Oct. 14, 2010) (declining to address issue claimant failed to raise in opening brief) (citing Knepp v. Apfel, 204 F.3d 78, 84 (3d Cir. 2000)).

combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (1985).[4] That is, a person's impairments must have no more than a minimal effect on his or her physical or mental abilities to perform basic work activities. Id. A person cannot show a severe impairment when the medical evidence shows minimal effects on basic work activities. SSR 86-8, 1986 WL 68636, at *3 (1986).

The ALJ must evaluate evidence regarding the functionally limiting effects of an individual's impairment to assess the effect of the impairment on the claimant's ability to do basic work activities. SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). The ALJ must also consider symptom-related limitations, provided the claimant has a medically determinable impairment that could reasonably produce the symptoms. Id. Basic work activities are the abilities and aptitudes necessary to do most jobs, such as:

> "(1) [p]hysical functions such as walking, standing, sitting, lifting, [pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers, and usual work situations; and (6) [d]ealing with changes in a routine work setting."

20 C.F.R. §§ 404.1521(b); 416.921(b). The ALJ's determination requires careful consideration of the medical findings which describe the impairment and an informed judgment regarding the limiting effects of the claimant's physical and mental abilities to perform basic work activities. SSR 96-3p, 1996 WL 374181, at *2; SSR 85-28, 1985 WL 56856, at *4.

---

[4]     "Social Security Rulings constitute the SSA's interpretation of the statute it administers and of its own regulations. Social Security Rulings do not have the force of law; nevertheless, once published, they are binding on all components of the SSA." Newell, 347 F.3d at 546 n.4 (citations omitted).

With regard to Fuller's Crohn's disease, the ALJ concluded:

"Concerning [Fuller]'s diarrhea, she has Crohn's disease. Treatment notes since the alleged onset date, however, rarely mention any complaints of either abdominal pain or episodes of diarrhea. Biopsies in November, 2006, and October, 2007, likewise revealed that [Fuller] has only mild active colitis. As of November, 2007, her colon specialist considered her colitis to be in remission. In any event, even two or three episodes of diarrhea per week as the claimant alleged at the hearing would not significantly affect the ability to work. This evidence fails to establish a severe impairment since the alleged onset date."

(A.R. 10) (citations omitted). Fuller contends the ALJ failed to consider the recurring remission-relapse pattern of her Crohn's disease, and that its frequency and accompanying abdominal pain which forces her to lie down would significantly effect her ability to work.

After a thorough review of the record in this case, the Court finds that substantial evidence supports the ALJ's severity determination. At most, the record reveals that Fuller has a history of Crohn's disease with intermittent episodes of diarrhea and infrequent complaints of nausea and pain. Only once did she complain about diarrhea at the same frequency she alleged at the hearing. (See A.R. 288-94.) Moreover, there is substantial evidence that she suffers from only mild active colitis and that her Crohn's disease was in remission after the alleged onset date. (Id. 179-82, 343-44.) Further, her Crohn's disease responds well to medicine. (Id. 345.) Finally, there is no suggestion in the record, other than Fuller's own testimony, that her Crohn's disease causes any functional limitations that would have more than a minimal effect on her ability to perform basic work activities.[5] See Thompson v. Halter, 45 F. App'x 146, 148 (3d Cir. 2002)

---

[5]    Fuller also contends the ALJ failed to consider her 2008 progress notes and, consequently, failed in his duty to consider all relevant evidence. The notes Fuller cites offer nothing new – they indicate she suffers from Crohn's disease and experiences diarrhea. (See A.R. 347, 250-55.) Moreover, the ALJ twice stated that he considered all medical evidence in the record in reaching his determinations. (Id. 8, 13.) The ALJ's assertion is supported by citations in other contexts to medical evidence from 2008. (E.g., id. 11, 12, 13.) Therefore, the

("While the absence of [a statement of disability by a doctor] is not dispositive of the issue of disability, it is surely probative of non-disability.")

## 2. Subjective Complaints

ALJs are required to consider subjective complaints of pain or other symptoms, but these statements alone cannot establish a disability. 20 C.F.R. § 404.1529(a); see id. § 404.1528(a) ("Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment."). Indeed, an ALJ must give great weight to subjective complaints if they are supported by competent medical evidence. Schaudeck, 181 F.3d at 433.

> Although the ALJ can reject such claims if he does not find them credible . . . the adjudicator is not free to accept or reject that individual's complaints solely on the basis of . . . personal observations. Rather, in all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical evidence and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work.

Id.; see also 20 C.F.R. § 404.1529(a) ("[W]e consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). If the claims are not supported by objective medical evidence, then the ALJ must consider other sources of evidence, including the claimant's own statements. SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The regulations also list factors relevant to the analysis, including the claimant's daily activities. See 20 C.F.R. § 404.1529(c)(3).

When the ALJ considers subjective statements, the ALJ must make a credibility finding,

---

Court concludes the ALJ properly considered all relevant evidence in reaching his determination.

and the "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4. "Deference must be given to the ALJ's determination [o]n issues of credibility when reviewing the Commissioner's final decision, so long as the ALJ discusses the issue and his finding is supported by substantial evidence." Weber, 156 F. Supp. 2d at 486.

In this case, the ALJ found Fuller less than fully credible, and credited her testimony to the extent the medical evidence supports it. (A.R. 12.) The ALJ reached this conclusion based on five inconsistencies between Fuller's testimony and the record:

> "1) Although [Fuller] testified that she suffers constant hip pain, the record for the past year shows only intermittent complaints of such pain. . . .
> 2) Although [Fuller] alleged episodes of diarrhea with abdominal pain two or three times per week, the record since the alleged onset date does not indicate frequent such symptoms.
> 3) Although [Fuller] asserted depressive symptoms, she has not received any psychiatric treatment since the alleged onset date and treatment notes for the past year do not include any observations of depressive signs.
> 4) Although [Fuller] stated that she lies down approximately six to eight hours per day, treatment notes since the alleged onset date make no mention of any reported daytime hours of lying down.
> 5) Although [Fuller] testified that she can sit only 30 minutes at most at a time, she sat through the hearing, which lasted nearly one hour."

(Id.) (citation omitted). Fuller contends her complaints are consistent with and corroborated by medical evidence, which confirm her frequent diarrhea and abdominal pain, as well as her disabling pain from bursitis. She does not offer any citations to the record to support her claims.

After a thorough review of the record, the Court concludes substantial evidence supports the ALJ's credibility determination. The ALJ carefully discussed the medical evidence in the

record and considered Fuller's complaints at the hearing. (<u>Id.</u> 10-13.) He also identified the inconsistencies between Fuller's complaints and the medical evidence of the record. (<u>Id.</u> 12.) MRIs, x-rays, and CT scans revealed nothing significant regarding Fuller's hip pain. (<u>Id.</u> 183, 223, 280, 298, 301, 303, 358.) Further, the record suggests her hip pain was intermittent and not constant as she alleges. (<u>See id.</u> 149, 190, 213, 220, 254, 283, 298, 300, 301, 303.) She also intermittently complained about diarrhea and only once complained she experienced episodes with the frequency she alleged at the hearing. (<u>See id.</u> 188-89, 242, 254, 283, 288-94, 343-45, 350.) Further, none of the medical evidence suggests any functional limitations nearly to the extent Fuller claims – although several notes indicate that rest relieves her hip pain, nothing suggests she is forced to lie down for six to eight hours a day. (<u>See id.</u> 149, 152, 283, 288-94, 303, 360.) Nor does anything indicate she can only sit for limited periods of time. Finally, the only medical evidence regarding her depressive symptoms are notes of her self-reported problems, but she obtained only minimal treatment and no physician or mental health practitioner noted any outward signs of depression. (<u>See id.</u> 278, 308-18, 319-23, 328.)

In sum, there is substantial evidence in the record to support the ALJ's partial rejection of Fuller's testimony and decision to credit it only to the extent supported by the medical records.

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, Fuller's request for review will be **denied**. An appropriate order will follow.

O:\CIVIL 09-10\10-4133 Fuller v. Astrue\Fuller - Memo on Request for Review.wpd